IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EMMANUEL E. BOAKYE,                      :

    Plaintiff,                              :

                                                    Case No. 3:06cv373

    vs.                                     :

                                  JUDGE WALTER HERBERT RICE

MARK B. HANSEN, DISTRICT             :
DIRECTOR CITIZENSHIP AND             :
IMMIGRATION SERVICES,                :

    Defendant.                              :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING, AS MOOT, IN PART DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR TO REMAND (DOC. #9); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF, DISMISSING THE CAPTIONED CASE, WITHOUT PREJUDICE, FOR LACK OF SUBJECT MATTER JURISDICTION; TERMINATION ENTRY

---

The Plaintiff, a lawful resident alien, brings this litigation, alleging that he filed an application for citizenship in July, 2002, and that his application was approved on November 22, 2002.  See Doc. #1 at p. 1.  According to the Plaintiff, the Defendant, the District Director for the Cincinnati District of the Citizenship and Immigration Services ("CIS"), reopened Plaintiff's application in May, 2005.  Id.  Plaintiff alleges that, in the 18 months that had passed between May, 2005, and November, 2006, when this litigation was initiated, the Plaintiff was not informed

about the status of his case.[1]  Id.  The Plaintiff asserts that this Court can exercise subject matter jurisdiction herein under the All Writs Act, 28 U.S.C. § 1361; the general federal question jurisdiction statute, 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Administrative Procedures Act ("APA"), 5 U.S.C. § 704.  Id. at ¶¶ 5-7.  Plaintiff requests that this Court order the Defendant to perform his duty, by immediately ruling on Plaintiff's application for citizenship, and to include an explanation if the decision is adverse.  Id. at p. 4.

This case is now before the Court on the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, to Remand (Doc. #9).  The Plaintiff has filed a Memorandum in Opposition (Doc. #10).  As a means of analysis, the Court will address the alleged grounds of subject matter jurisdiction, in the above order.  However, before engaging in that analysis, it must be noted that the Defendant has not attempted to invoke the subject matter jurisdiction expressly conferred by 8 U.S.C. § 1447(b), which provides:

> (b) Request for hearing before district court
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

After the Defendant noted in his motion (see Doc. #9 at 5) that the Plaintiff had not requested that this Court exercise subject matter jurisdiction in accordance

---

[1] Moreover, there no indication that the Plaintiff has been informed of the status of his application since this litigation was initiated.

with § 1447, the Plaintiff did not seek leave to amend in order to allege that this Court can exercise subject matter jurisdiction over this lawsuit in accordance with that statutory provision, nor did he mention that section in his Memorandum in Opposition (Doc. #10).  Parenthetically, in a number of decisions, courts have concluded that § 1447(b) authorizes District Courts to exercise subject matter jurisdiction over matters such as the instant litigation.  See e.g., Walji v. Gonzales, 500 F.3d 432 (5th Cir. 2007); Mahamoud v. Mueller, 2007 WL 3232457 (S.D.Ohio 2007) (per Holschuh, J.); Affanneh v. Hansen, 2007 WL 295474 (S.D.Ohio 2007) (per Rose, J.).[2]

First, the Plaintiff contends that this Court can exercise subject matter jurisdiction in accordance with the All Writs Act, 28 U.S.C. § 1361, which, inter alia, invests courts with the subject matter jurisdiction to grant writs of mandamus. However, to exercise such jurisdiction, the party seeking the writ must have no other adequate means of relief.  Allied Chemical Corp. v. Daiflon, Inc., 449 U.S.

---

[2]In Mahamoud, Judge John Holschuh exercised the discretion invested in him by § 1447(b), and remanded the matter.  That judicial officer, however, imposed the following conditions on the remand:
> Accordingly, on remand of this case, it is anticipated that the Attorney General of the United States and the FBI will continue an effort to obtain the funding and resources necessary to assist in the elimination of the current backlog of processing names through the name check program.  The CIS is therefore instructed to obtain a report from the Director of the Federal Bureau of Investigation and submit it to the Court within 90 days from the date of this Order on (1) what efforts are currently being made to obtain the resources necessary to reduce or eliminate the delays in the FBI's name check program; (2) what order of priorities exists with reference to requests for name check clearance, including requests from CIS; and (3) the dates the requests from CIS for name check clearance for each of the plaintiffs in these consolidated cases were received by the FBI and the anticipated time the processing of these requests will be completed.

2007 WL 3232457 at *9.  In an appropriate case, this Court would consider imposing similar conditions on an order of remand.

33, 35 (1980); Iddir v. I.N.S., 301 F.3d 492, 499 (7th Cir. 2002). Herein, the Plaintiff has an adequate remedy by virtue of § 1447(b). Accordingly, this Court concludes that it cannot exercise subject matter jurisdiction over this matter in accordance with § 1361.

Second, the Plaintiff alleges that this Court can exercise subject matter jurisdiction herein, in accordance with 28 U.S.C. § 1331, the general subject matter jurisdiction statute. This Court cannot agree, since the decision of the Supreme Court in United States v. Fausto, 484 U.S. 439 (1988), precludes the exercise of jurisdiction under § 1331. In Fausto, the plaintiff, a federal employee who had been suspended for 30 days, brought an action purporting to challenge his suspension under the Back Pay Act, 5 U.S.C. § 5596. The Supreme Court held that the plaintiff could not maintain that action, because the Civil Service Reform Act ("CSRA"), Pub. L. 95-454, 92 Stat. 1111, et seq., exempted employees in his classification from any type of judicial or administrative review of adverse employment actions. The Supreme Court reasoned that the CSRA "established a comprehensive system for reviewing personnel action taken against federal employees" and that the "deliberate exclusion of employees in [plaintiff's] service category from the provisions [of the CSRA] establishing administrative and judicial review for personnel action of the sort at issue here prevents respondent from seeking review in the Claims Court under the Back Pay Act." Id. at 455. Similarly, herein, by enacting § 1447(b), Congress created a comprehensive system, permitting courts to exercise jurisdiction over applications for citizenship in certain instances and with the ability to remand such a lawsuit to the CIS. The imitations placed on the grant of subject matter jurisdiction by § 1447(b), as well as the

authority to remand contained therein, would be eliminated, if this Court were able to exercise subject matter jurisdiction over this litigation in accordance with § 1331, merely because Plaintiff's claim arises under federal law.

Third, this Court rejects the Plaintiff's contention that it can exercise subject matter jurisdiction in accordance with the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, since it is axiomatic that this statute merely provides a procedural remedy, rather than being an independent basis for the exercise of such jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950); Toledo v. Jackson, 485 F.3d 836, 839 (6th Cir. 2007).

Fourth, the Plaintiff contends that this Court can exercise subject matter jurisdiction herein in accordance with the APA, 5 U.S.C. § 704, which provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

In Fligiel v. Samson, 440 F.3d 747 (6th Cir. 2006), cert. denied, 127 S.Ct. 933 (2007), the plaintiff, a physician employed by the Veterans Administration ("VA"), attempted to challenge the decision of his employer to transfer him from one hospital to another, by asserting a claim under the ADA. The Sixth Circuit held that the District Court lacked subject matter jurisdiction over that claim, because Congress comprehensively provided for judicial review of employment actions affecting federal employees by virtue of the CSRA. Similarly, Congress has

provided the manner by which an individual can initiate a challenge to the CIS in a matter such as the instant litigation through § 1447(b).

Based upon the foregoing, this Court concludes that it cannot exercise subject matter jurisdiction over this litigation.  Therefore, the Court sustains the Defendant's Motion to Dismiss or, in the alternative, to Remand (Doc. #9), treated as a motion to dismiss, as that motion relates to the question of whether this Court can exercise such jurisdiction herein.  Given that conclusion, it is not necessary to address the Defendant's alternative argument that this litigation should be remanded, and the Court overrules same, as moot.  Judgment is to be entered in favor of Defendant and against Plaintiff, dismissing this action without prejudice for lack of subject matter jurisdiction.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 17, 2008

                                              /s/ Walter Herbert Rice
                                          WALTER HERBERT RICE, JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.